■ In the Matter of the Claim of MARENA HARRIS, Respondent, v. JEWISH FAMILY SERVICE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, P. J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed April 7, 1969, awarding benefits to the claimant. On August 3, 1964 the claimant suffered a fall which was a compensable accident. On September 29, 1964 she fell through a hole in a floor up to her mid-legs, and this also was determined to be a compensable accident against the same employer and carrier. The board reopened the latter accident (fall through floor) upon the basis of a physician's medical report " indicating claimant has marked anxiety, low back pain, weakness of right hand muscles, stiffness of fingers and shoulder pain " (board order of restoral). It appears that the primary issue litigated in the hearings before the Referee was the question of a schedule loss based on causally related injuries to the right arm and shoulder. The Referee eventually held that there was no causally related disability to the right arm or shoulder, but nevertheless awarded benefits for causally related disability during a period of time when the claimant was being treated by a Doctor Millheiser. The board has found that the claimant did have a causally related disabling condition in her back during the period of Dr. Millheiser's treatments and affirmed the Referee's award of benefits. Although the testimony of Dr. Millheiser before the Referee

was oriented primarily toward the question of disability in the claimant's right arm and shoulder, the record contains sufficient medical reports and testimony by the claimant as to the manner of the happening of the accident and the injuries sustained to support the finding of the board that the claimant did have a continuing causally related disabling condition of her back. There is also testimony at the time of the first accident that there was a "sprain of the right side of the body" of the claimant. The attending physician following the second accident noted that the claimant complained of severe pain inter alia in the shoulder and that he treated her with physical therapy and at that time (Jan. 18, 1965) asked to have the case reopened for further treatment. The record in its entirety contains substantial evidence to support the decision of the board. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Herlihy, P. J.